UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR OF THE TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN,<br>Plaintiff,<br><br>v.<br><br>DALE BLAKE,<br>Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 05-11879-JLT<br>)<br>)<br>)<br>) |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Now comes the Plaintiff, Carol Blanchard, and moves that this Court enter the attached Judgment in accordance with the <u>Application to Clerk for Entry of Default</u> filed with this Court under cover dated February 17, 2006, 2005 and the <u>Notice of Default</u> issued by the Clerk of this Court on February 28, 2006.

For the Plaintiff,
CAROL BLANCHARD,
EXECUTIVE DIRECTOR OF
THE TEAMSTERS UNION 25
HEALTH SERVICES &
INSURANCE PLAN,
By her attorneys,

/s/ Brian P. Fox

Matthew E. Dwyer, BBO# 139840
Brian P. Fox, BBO# 663927
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

Dated: 3/30/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR OF THE TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN,<br>    Plaintiff,<br><br>v.<br><br>DALE BLAKE,<br>    Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 05-11879-JLT<br>)<br>)<br>)<br>) |

## DEFAULT JUDGMENT

Toro, D.J.

Defendant, Dale Blake, having failed to plead or otherwise defend in this action and its having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $2,099.78, that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs and attorney fees in the sum of $2,505.00.

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from the defendant, Dale Blake, the principal amount of $2,099.78 plus the plaintiff's incurred costs and attorney fees of $2,505.00 for a total judgment of $4,604.78 with interest as provided by law.

By the Court,

Dated:_____

_____
Deputy Clerk

NOTE: The post judgment interest rate effective this date is _____%.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR OF THE TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN,<br>     Plaintiff,<br><br>v.<br><br>DALE BLAKE,<br>     Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 05-11879-JLT<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF CAROL BLANCHARD IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT

Now comes the undersigned affiant and hereby deposes and states the following:

1. My name is Carol Blanchard and I am the Executive Director of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, "Plan") and the Plaintiff in the above-referenced matter.

2. As Executive Director, I am a fiduciary of the Plan. I am familiar with the amounts paid to Plan beneficiaries.

3. The Defendant, Dale Blake, has been a participant of the Plan and has been eligible for benefits in accordance with the terms of the Plan's governing documents.

4. The Plan paid Dale Blake weekly disability benefits, from October 15, 2002 through November 25, 2002, as a result of a hernia operation on October 8 2002.

5. On December 9, 2002, the Defendant submitted a Request to Extend Weekly Disability Payments due to her ongoing disability resulting from her surgery, supposedly signed by her doctor, Peter Burke.

6. On January 7, 2002, the Defendant submitted a Request to Extend Weekly Disability Payments due to her ongoing disability resulting from her surgery, supposedly signed by her doctor, Peter Burke.

7. In order to receive compensation, a participant in the Local 25 HSIP must submit a claim, filled in by doctor, related to services performed.

8. The Defendant forged the signature of Dr. Burke on two Request to Extend Weekly Disability Payments forms.

9. Local 25 HSIP called the doctor to confirm the appointments of the Plaintiff.

10. The doctor stated that he had not seen the patient on the days in question and that the signature on the Defendant's claim was not his signature.

11. The Plan paid the Defendant $1,602.89 in benefits for November 26, 2002 through February 14, 2002 based on the two forged benefit extension forms.

12. The Defendant is obligated to remit to the Plan the amount of disability benefits referred to in paragraph 11 above under the terms of the Plan and due to the fraud she has perpetrated upon the Plan.

13. The Plan sent a letter to the Defendant dated July 1, 2003, demanding that she repay $1,602.89. This letter was returned as undelivered.

14. In addition to the principal amount of $1,602.89, the Plan is entitled to receive interest on the amount not repaid. The Plan assesses interest at the rate of 12% per annum. Therefore, the Plan is entitled to 12% interest on the amount not repaid by the Defendant from July 23, 2003, twenty days after sending the final demand letter. The amount of interest owed the Plan is $496.89. The total principal plus interest due to the Plan is $2,099.78.

11. The Defendant is not engaged in active military service.

12. The Defendant is not an infant or incompetent person.

Signed under the pains and penalties of perjury this 27 day of March, 2006

_____
Carol Blanchard, Executive Director

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR OF THE TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN,<br>    Plaintiff,<br><br>v.<br><br>DALE BLAKE,<br>    Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 05-11879-JLT<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF MATTHEW E. DWYER IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT

1. My name is Matthew E. Dwyer. I am a member of the law firm Dwyer, Duddy and Facklam, Attorneys at Law, P.C., located at Two Center Plaza, Boston, Massachusetts 02108. I am admitted to practice before the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the Massachusetts Supreme Judicial Court. As an attorney with Dwyer, Duddy and Facklam, Attorneys at Law, P.C., I concentrate on public and private sector labor law and litigation under the Employee Retirement Income Security Act of 1974 (ERISA). I have acted as legal representative of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, "Plan") and Carol Blanchard for the purpose of the above-captioned action.

2. On February 28, 2006, I received a Notice of Default against the Defendant, Dale Blake in connection with the above-captioned action to recover $1,602.89 owed to the Plan plus interest, costs and attorneys fees.

3. Section 502(g) of ERISA provides that a plan may be awarded reasonable attorneys fees and costs of the action. 29 U.S.C. §1132(g)(1).

4. The amount of time this office has expended in this action has been 11.7 hours for the period from August 31, 2005 through February 16, 2006.

5. Pursuant to financial arrangements made by this office with the Fund, services performed by this office for it in this action were charged, in increments of 1/10 of an hour, at the rate of $ 190.00 per hour. Therefore, the amount of attorney's fees incurred by the Fund in this action is $2,223 [11.7 hrs X $ 190.00]. In addition, the Fund has incurred a filing fee of $250.00 and $32.00 for the cost of service of process.

Signed under the pains and penalties of perjury of this 30 day of March, 2006.

_____
Matthew E. Dwyer, Esq.